IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-0467 |
| | § | |
| MICHAEL LESLIE GOFFNEY, | § | |
| | § | |
| Defendant. | § | |

**ORDER OF REMAND**

In accordance with the ruling stated in open court, the motion to remand is granted. The action was removed under 28 U.S.C. § 1442(a)(1) ("any person acting under" a federal officer may remove). The defendant, an employee of a private contractor working at a federal facility, failed to make the showing necessary for federal removal jurisdiction under this provision because there was no basis to find that a federal officer had direct and detailed control over the defendant such that the acts that form the basis for the suit were performed pursuant to the officer's direct orders or to comprehensive and detailed regulations. *See Williams v. Todd Shipyards Corp.*, 154 F.3d 416, 1998 WL 526612, at *4 (5th Cir. 1998) (per curiam) ("detailed supervision and/or direction by a federal official or authority is sufficient to satisfy the causal nexus prong"); *McGee v. Arkel Int'l, LLC*, 716 F. Supp. 2d 572, 574 (S.D. Tex. 2009) ("The federal officer must have 'direct and detailed control over the defendant' such that 'the acts that form the basis for the suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations.'" (quoting *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 947 (E.D.N.Y. 1992))).

This action is remanded to the 351st Judicial District of Harris County, Texas.

SIGNED on March 2, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge